IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIA MASCORRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-00112-FM |
| | § | |
| WAL-MART STORES INC. a/k/a | § | |
| WAL-MART STORES TEXAS, LLC and | § | |
| CARLOS AGUILAR, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO DEPOSE AND MOTION TO REMAND**

On this day, the court considered "Plaintiff's Mem[o]randum in Support of Motion for Leave to Take Oral Deposition" ("Motion to Depose") [ECF No. 5], filed April 27, 2015; "Defendant Wal-Mart's Response to Plaintiff's Motion for Leave to Depose Carlos Aguilar" ("Response to Motion to Depose") [ECF No. 8], filed May 4, 2015; "Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand and Response to Def[e]ndant Wal-Mart's Notice of Removal" ("Motion to Remand") [ECF No. 10], filed May 6, 2015; "Defendant Wal-Mart's Response to Plaintiff's Motion to Remand" ("Response to Motion to Remand") [ECF No. 11], filed May 11, 2015; and "Plaintiff's Reply to Defendant Wal-Mart's Response to Plaintiff's Motion to Remand" ("Reply in Support of Motion to Remand") [ECF No. 12], filed May 15, 2015.

After due consideration, Plaintiff's motions are **DENIED** and Defendant Carlos Aguilar is **DISMISSED WITH PREJUDICE**.

I.     **BACKGROUND**

Plaintiff Patricia Mascorro ("Plaintiff") sued Defendants Wal-Mart Stores Inc. a/k/a Wal-Mart Stores Texas, LLC ("Wal-Mart") and Carlos Aguilar ("Aguilar" and collectively, "Defendants") in the

41st District Court of El Paso County, Texas on March 18, 2015.[1]  On April 16, 2015, Wal-Mart filed its Notice of Removal pursuant to Title 28, United States Code, Section 1441(b), asserting there is complete diversity between the parties and that Aguilar has been improperly joined.[2]

Plaintiff alleges that on June 21, 2014, she "was standing in an aisle/hallway at the front of the store [Wal-Mart], when a 'security guard,' running after a suspected shoplifter ran towards her, both ran into her and knocked her into a nearby piece of rack/equipment, and pushed her onto the floor."[3]  As a result of this incident, Plaintiff claims to have suffered bodily injuries, as well as anxiety, pain, and suffering.[4]  Plaintiff seeks damages between $200,000 and $1,000,000.[5]

Plaintiff maintains causes of action against Wal-Mart for employing — either directly or by contracting through a security guard company — the security guard who ran into her based on the security guard's negligence and Wal-Mart's negligence in its hiring, supervising, testing, and training procedures.[6]  Plaintiff also asserts a cause of action against Aguilar, whom Plaintiff identifies as Wal-Mart's store manager.[7]

Plaintiff is a citizen of Texas,[8] whereas Wal-Mart Stores, Inc. is incorporated in Delaware with its principal place of business in Arkansas and Wal-Mart Stores Texas, LLC is a limited liability company whose members are not citizens of Texas.[9]  Plaintiff maintains Aguilar is a citizen of Texas,

---

[1] *See* "Plaintiff's Original Petition" ("Petition"), ECF No. 1, at 7.

[2] "Defendant Wal-Mart's Notice of Removal" ("Notice of Removal"), at 1–2, ECF No. 1.

[3] Pl.'s Pet. 2 ¶ 9.

[4] *Id.* at 9 ¶ 26.

[5] *Id.* at 2 ¶ 6.

[6] *See id.* at 3–6.

[7] *Id.* at 6–9.

[8] *See id.* at 1 ¶ 2.

[9] *See* Notice Removal 2 ¶ 11.

and therefore, complete diversity does not exist to confer subject matter jurisdiction.[10] Defendants aver "Aguilar's citizenship is irrelevant" because he has been improperly joined,[11] but Plaintiff maintains Aguilar may be domiciled in Texas.[12]

Pursuant to Federal Rule of Civil Procedure 30(a)(2) ("Rule 30(a)(2)"), Plaintiff seeks leave to take Aguilar's oral deposition before the parties confer according to Federal Rule of Civil Procedure 26(f).[13] Plaintiff argues Aguilar's testimony is necessary to ascertain Aguilar's liability and to determine the identity of another possible defendant, the security guard.[14] In particular, Plaintiff contends Aguilar's testimony may provide information regarding another defendant that would destroy complete diversity between the parties.[15] Plaintiff also moves to remand the case for lack of subject matter jurisdiction under Title 28, United States Code, Section 1447(c).[16]

## II.   APPLICABLE LAW

### A.   Removal

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[17] Title 28, United States Code, Section 1332(a)(1) ("section 1332(a)(1)") confers original jurisdiction on federal district courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

---

[10] Pl.'s Mot. Remand 2–3 ¶¶ 8–10.

[11] Notice Removal 2 ¶ 12.

[12] *See* Pl.'s Mot. Depose 3.

[13] *Id.* at 2–3.

[14] *Id.* at 3.

[15] *Id.*

[16] *See generally* Pl.'s Mot. Remand.

[17] 28 U.S.C. § 1441(a).

costs, and is between . . . citizens of different States."[18]  Diversity of citizenship pursuant to section 1332(a)(1) requires complete diversity.[19]  In other words, each plaintiff must have a different domicile from every defendant.[20]  For diversity purposes, a corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business.[21]

    *B.*     *Joinder*

Additional defendants may be joined as parties to an action if, with respect to all defendants, the action arises "out of the same transaction, occurrence, or series of transactions or occurrences; and [if] any question of law or fact common to all defendants will arise in the action."[22]

Improper joinder occurs when a plaintiff adds a non-diverse party solely to deprive the federal courts of jurisdiction.[23]  Improperly joined defendants do not bar removal of an action to federal court.[24]  To establish improper joinder, a defendant must either demonstrate "actual fraud in the pleading of jurisdictional facts" or show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[25]

To decide whether the plaintiff has a reasonable basis for recovery, "[t]he court may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state

---

[18] *Id.* § 1332(a)(1).

[19] *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (relying on *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)).

[20] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

[21] 28 U.S.C. § 1332(c)(1).

[22] Fed. R. Civ. P. 20(a)(2).

[23] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

[24] *See id.* at 702.

[25] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

defendant."[26] If the complaint is sufficient to overcome a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, joinder is usually proper.[27]

The burden of establishing that removal is valid due to improper joinder is heavy. "[R]emoval statutes are to be construed strictly against removal and for remand,"[28] and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[29] All uncertainties regarding state law are resolved "in favor of the nonremoving party."[30] Accordingly, the plaintiff's state court pleadings are viewed in the most favorable light.

    C.    *Standard for a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[31] A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6).[32] Viewed in the light most favorable to the plaintiff, the court must determine whether the complaint states a valid claim for relief.[33]

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[34] "The plausibility standard is not akin to a 'probability requirement,' but it asks

---

[26] *Id*. (internal citations omitted).

[27] *Id*.

[28] *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

[29] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[30] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 206 (5th Cir. 1983)).

[31] Fed. R. Civ. P. 8(a)(2).

[32] Fed. R. Civ. P. 12(b)(6).

[33] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[34] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

for more than a sheer possibility that a defendant has acted unlawfully."[35]  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[36]  Thus, a complaint is not required to set out "detailed factual allegations," but does need to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[37]  Whereas well-pleaded allegations in a complaint must be accepted as true, conclusory allegations are not afforded similar treatment.[38]

### III.  DISCUSSION

Plaintiff sued Aguilar in his capacity as the Store Manager of Wal-Mart for negligence in hiring unqualified security guards and in failing to properly train and test security guards.[39]  Aguilar submitted an affidavit asserting: "I did not see Plaintiff fall or in any way caused [sic] her to fall.  I was not involved in the incident that she alleges.  I do not and never have owned or leased the premises in question."[40]

In actions based on negligence, the Texas Supreme Court has held that a corporation owes a duty to exercise reasonable care to patrons and employees, but "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.[41]  This has been interpreted as foreclosing actions against individuals without any

---

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[36] *Id*. (citing *Twombly*, 550 U.S. at 556).

[37] *Twombly*, 550 U.S. at 555.

[38] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[39] *See* Pl.'s Pet. 6–9.

[40] Notice Removal, Ex. B, "Affidavit of Carlos Aguilar," ECF No. 1, at 18.

[41] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

personal involvement in creating a dangerous condition.[42]

Here, Plaintiff alleges Aguilar was responsible for:  hiring, training, testing, supervising, and firing employees and contractors, as well as general operations within and around Wal-Mart's premises.[43]  Without elaborating further, Plaintiff merely asserts that Aguilar owes "an independent duty, separate and apart from Defendant Wal-Mart's duty."[44]  Plaintiff has not alleged Aguilar observed or had any personal knowledge of the collision until after it occurred.  Indeed, Aguilar has sworn he was not personally involved in the accident.[45]  Moreover, Plaintiff has not alleged Aguilar "committed any intentional torts or the like against" her.[46]

In essence, Plaintiff alleges Aguilar acted negligently in performing his duties within the scope of his employment.  Thus, unlike cases where individual employees were alleged to have personally and knowingly created a dangerous situation,[47] Plaintiff has not alleged Aguilar owed a duty apart from Wal-Mart's duty to exercise reasonable care.

---

[42] *See, e.g.*, *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CA-300-LY, 2014 WL 5094126, at *4–5 (W.D. Tex. Oct. 10, 2014) (collecting cases and holding there was no reasonable basis for the plaintiff to recover against the defendant's manager for injuries sustained while exercising); *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) (asserting "there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties").

[43] *See* Pl.'s Pet. 6–9 ¶¶ 20–24.

[44] Pl.'s Reply Support Mot. Remand 4 ¶ 16.

[45] *See* Notice Removal, Ex. B, Aff. Carlos Aguilar.

[46] *See* Pl.'s Reply Support Mot. Remand 4 ¶ 15 (citing *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S. D. Tex. 1999) (suggesting that if the plaintiff alleges an individual defendant committed "intentional torts 'or the like' against" the plaintiff, this would support a cognizable claim that the defendant owed an independent duty of care to the plaintiff apart from the employer's duty under Texas law).

[47] *See Land v. Wal-Mart Stores of Tex., LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *1, *4 (W.D. Tex. Feb. 13, 2014) (finding defendant failed to establish improper joinder where the plaintiff alleged the individual employee negligently operated floor cleaning equipment, causing a dangerously wet floor, and failed to warn customers); *Patterson v. Walgreen Co.*, No. SA-13-CV-338-XR, 2013 WL 1824885, at *3 (W.D. Tex. Apr. 30, 2013) (holding defendant did not establish improper joinder where plaintiffs alleged the defendant pharmacist negligently filled a prescription, causing injury); *Alexander v. Lincare Inc.*, No. 3:07-CV-1137-D, 2007 WL 4178592, at *5 (N.D. Tex. Nov. 27, 2007) (holding defendant corporation failed to carry its burden of improper joinder of an individual respiratory therapist who allegedly maintained equipment negligently, causing harm to plaintiff's decedent).

In addition, the court is not persuaded that Aguilar's deposition is necessary to ascertain the identity of the security guard who collided into Plaintiff.  Although Plaintiff contends she is uncertain as to whether the security guard acted in "his own negligent self-interest or otherwise," or whether he was "employed by Wal-Mart as an employee, for hire, subcontractor or otherwise,"[48] these issues can be resolved through initial disclosures.  Accordingly, Aguilar should be dismissed from this cause of action entirely and Wal-Mart should provide relevant contact information regarding the identity of the security guard who injured Plaintiff.

### IV.     CONCLUSION AND ORDERS

As Plaintiff has no reasonable basis for recovery against Aguilar based on negligence, the court finds he has been improperly joined and should be dismissed.

**IT IS THEREFORE ORDERED** that "Plaintiff's Mem[o]randum in Support of Motion for Leave to Take Oral Deposition" [ECF No. 5] and "Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand and Response to Def[e]ndant Wal-Mart's Notice of Removal" [ECF No. 10] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Carlos Aguilar is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), which include the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, on or before **June 29, 2015**.

**IT IS FURTHER ORDERED** that Plaintiff Patricia Mascorro and Defendant Wal-Mart Stores Inc. a/k/a Wal-Mart Stores Texas, LLC are **HEREBY WARNED** that Federal Rule of Civil Procedure

---

[48] Pl.'s Mot. Remand 5 ¶ 24.

26(a)(1) disclosures are mandatory, not objectionable.

    **SO ORDERED**.

    **SIGNED** this **28th** day of **May, 2015**.

                                           **FRANK MONTALVO**
                                           **UNITED STATES DISTRICT JUDGE**